UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KEVIN REED, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0010 AS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents | ) | |
| ************************************ | | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:00cr0014 AS |
| | ) | |
| KEVIN REED | ) | |

### *MEMORANDUM, ORDER AND OPINION*

This court must and does take judicial notice of the key events in a criminal case in this court under 3:00cr0014 which contains no less than 396 docket items. The one requiring immediate attention is under docket number 3:06cv00010, a pro se petition by Kevin Reed for relief under 28 U.S.C. §2255. The United States of America responded appropriately on March 1, 2006.

The sentence in question was imposed July 13, 2001, and the file stamp on the filing in question indicates that it was filed on or about January 5, 2006. This defendant-petitioner would be entitled to any benefits under *Houston v. Lack,* 487 U.S. 266 (1988), but it is doubtful that would be at all helpful to him.

The United States of America argues for an application of the one-year statute of limitation which is in paragraph six of Section 2255. It is further argued that said one-year period of limitation expired on January 23, 2002. This court does not conceive that this petitioner acting pro se raises an issue of ineffective assistance of counsel. It must be remembered that Section 2255 is not a substitute for direct appeal. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Neither has this petitioner gotten through the conditions established in *Reed v. Farley*, 512 U.S. 339 (1994). Although this court is reluctant to wade into the possible applicability of certain key decisions being not retroactive, such may well be the case. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Fundamentally, Mr. Reed's problem in this case is simply that he is out of time and necessarily out of this court. For that reason, his motion for relief under 28 U.S.C. §2255 is now **DENIED**. **IT IS SO ORDERED**.

**DATED:** March 21, 2006

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**